UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DZ BANK AG DEUTSCHE ZENTRAL
GENOSSENSCHAFTSBANK
FRANKFURT AM MAIN, NEW YORK
BRANCH,

          Plaintiff,

     v.

ADVANTAGE PACIFIC INSURANCE,
INC., et al.,

          Defendants.

CASE NO. C11-5879BHS

ORDER GRANTING
PLAINTIFF'S MOTIONS

This matter comes before the Court on Plaintiff DZ Bank AG Deutsche Zentral Genossenschaftsbank Frankfurt Am Main, New York Branch's ("Bank") motion to strike answers (Dkt. 11) and motion to strike jury demand (Dkt. 12).  The Court has reviewed the briefs filed in support of the motion and the remainder of the file and hereby grants the motions for the reasons stated herein.

## I.  PROCEDURAL HISTORY

On October 25, 2011 the Bank filed a complaint against Defendants Advantage Pacific Insurance, Inc., API Vancouver Insurance, Inc., and David R. Coley ("Coley") (collectively "Defendants") alleging breaches of contracts and of secondary guarantees. Dkt. 1.  On December 8, 2011, Coley filed an answer on behalf of all Defendants and requested a jury trial.  Dkt. 9.

On December 28, 2011, the Bank filed a motion to strike the answers of the corporate defendants (Dkt. 11) and a motion to strike the demand for a jury trial (Dkt. 12).  No Defendant responded.

## II.  DISCUSSION

As a threshold matter, the Court may consider the failure to respond to a motion as an admission that the motion has merit.  Local Rule 7(b)(2).  No Defendant responded to the Bank's motions.  Therefore, the Court considers Defendants' failure as an admission that the Bank's motions have merit.

### A.    Motion to Strike

"It has been the law for the better part of two centuries that a corporation may appear in the federal courts only through licensed counsel."  *Rowland v. CA Men's Colony*, 506 U.S. 194, 202 (1993); *see also D-Beam LP v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973 (9th Cir. 2004) ("Corporations and other unincorporated associations must appear in court through an attorney").

In this case, the Bank moves to strike the answers of both corporate defendants because they are not represented by an attorney.  Dkt. 11.  The Court agrees with the Bank, and the corporations must be represented by an attorney.  Therefore, the Court will strike Advantage Pacific Insurance, Inc. and API Vancouver Insurance, Inc.'s answers.

### B.    Jury Demand

Although the Seventh Amendment to the Constitution protects the right to a jury trial in civil actions, such a right, like other constitutional rights, may be waived as long as it is waived knowingly and voluntarily.  *Palmer v. Valdez*, 560 F.3d 965, 968 (9th Cir. 2009).  Parties may contractually waive their right to jury trial, and such agreements are neither illegal nor contrary to public policy.  *Telum Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In this case, the loan agreements contain provisions wherein the borrowers waived their right to a jury trial to enforce or defend any right under the agreements.  Dkt. 1, Exhs. 1 & 4.  The Bank contends that these provisions are valid and enforceable. Defendants have failed to provide any argument to the contrary and have failed to provide any facts to show that the agreements were not entered into knowingly and/or voluntarily. Therefore, the Court grants the Bank's motion and strikes Coley's demand for a jury trial.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Bank's motion to strike answers (Dkt. 11) and motion to strike jury demand (Dkt. 12) are **GRANTED**.  Advantage Pacific Insurance, Inc. and API Vancouver Insurance, Inc.'s answers and Coley's request for a jury demand are hereby **STRICKEN**.

DATED this 10th day of February, 2012.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3